FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUKHNAND SINGH; KULWINDER KAUR; ABHINAV SINGH SUNNAR, | No. 08-72472 |
| Petitioners, | Agency Nos.    A098-150-769 |
| | A098-150-770 |
| v. | A098-150-771 |
| ERIC H. HOLDER JR., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of Orders of the
Board of Immigration Appeals

Argued and Submitted December 3, 2012
San Francisco, California

Before: SILVERMAN, GRABER, and GOULD, Circuit Judges.

Sukhnand Singh (Singh), a native and citizen of India, and his derivative

beneficiaries Kulwinder Kaur and Abhinav Singh Sunnar (collectively Petitioners),

seek review of the Board of Immigration Appeals' (BIA) rejection of their claims

for asylum, withholding of removal, and relief under the Convention Against

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Torture (CAT). Petitioners assert claims as to both India and the Philippines. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

The BIA did not conduct impermissible fact-finding when it examined the IJ's findings and the record to determine that Petitioners did not qualify for relief. *See Ridore v. Holder*, 696 F.3d 907, 919, 921–22 (9th Cir. 2012) (concluding that the BIA properly deferred to the IJ's fact-finding when it considered the IJ's findings and the record). Similarly, we find nothing in the record that suggests that the BIA did not consider all relevant evidence during its review. *See Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) (holding that a "general statement that the agency considered all the evidence before it may be sufficient" (internal quotation marks and brackets omitted)).

Substantial evidence supports the BIA's findings that Singh is ineligible for asylum because he was firmly resettled in the Philippines before arriving in the United States and that Petitioners failed to establish that one of the exceptions to firm resettlement applied to them. *See Maharaj v. Gonzales*, 450 F.3d 961, 967 (9th Cir. 2006) (en banc) (holding that a finding of firm resettlement is reviewed for substantial evidence).

Substantial evidence supports the BIA's determination that Petitioners are ineligible for withholding of removal from India. Although it is a close call

2

whether Singh established a nexus between the police activity and the protected ground of imputed political opinion, the record does not compel us to conclude that the Indian police were engaged in illegitimate activity when they arrested Singh. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1044–45 (9th Cir. 2004) (stating that the petitioner bears the burden of showing a police investigation has no "bona fide objective").

Substantial evidence supports the BIA's determination that Petitioners are ineligible for CAT relief from India. The record does not compel the conclusion that the abuse Singh endured in India constituted torture. 8 C.F.R. § 1208.18(a)(2); *see Ahmed v. Keisler*, 504 F.3d 1183, 1200–01 (9th Cir. 2007) (concluding that no torture occurred when the petitioner was arrested and beaten on four occasions).

Substantial evidence supports the BIA's dismissal of Petitioners' claims for asylum, withholding of removal, and CAT protections from the Philippines. Singh did not show that the record compels the conclusion that the robbery or repeated threats in the Philippines were on account of a particular social group or his race or religion. *See Sangha v. INS*, 103 F.3d 1482, 1486–87 (9th Cir. 1997). Moreover, the events in the Philippines do not establish past persecution or support a well-founded fear of future persecution. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (stating that "[r]andom, isolated criminal acts perpetrated by

3

anonymous thieves do not establish persecution"). Likewise, the threats and robbery are insufficient to support a claim for protections under CAT. *See Gui v. INS*, 280 F.3d 1217, 1222–23, 1230 (9th Cir. 2002) (concluding that repeated harassment and threats, and two staged hit-and-run accidents did not constitute torture).

The petition for review is **DENIED**.